Kenneth SALADIN, et al., Plaintiffs,

v.

CITY OF MILLEDGEVILLE, Defendant.

Civ. A. No. 83–187–1–MAC.

United States District Court, M.D. Georgia, Macon Division.

Feb. 20, 1986.

Ralph S. Goldberg, Atlanta, Ga., for plaintiffs.

Charles A. Mathis, Jr., Milledgeville, Ga., for defendant.

## ORDER

OWENS, Chief Judge.

The Supreme Court of the United States discussed the requirement of standing in its 1982 decision in *Valley Forge Christian College v. Americans United for Separation of Church and State:*

Article III of the Constitution limits the "judicial power" of the United States to the resolution of "cases" and "controversies." ...

As an incident to the elaboration of this bedrock requirement, this Court has always required that a litigant have "standing" to challenge the action sought to be adjudicated in the lawsuit. The term "standing" subsumes a blend of constitutional requirements and prudential considerations, and it has not always been clear in the opinions of this Court whether particular features of the "standing" requirement have been required by Art III ex proprio vigore, or whether they are requirements that the Court itself has erected and which were not compelled by the language of the Constitution.

A recent line of decisions, however, has resolved that ambiguity, at least to the following extent: at an irreducible minimum, Art III requires the party who invokes the court's authority to "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant," and that the injury "fairly can be traced to the challenged action" and "is likely to be redressed by a favorable decision." In this manner does Art III limit the federal judicial power "to those disputes which confine federal courts to a role consistent with a system of separated powers and which are traditionally

thought to be capable of resolution through the judicial process."

*Valley Forge Christian College v. Americans United For Separation of Church and State, Inc.,* 454 U.S. 464, 471–72, 102 S.Ct. 752, 757–58, 70 L.Ed.2d 700 (1982) (citations and footnote omitted).

The defendant City of Milledgeville, Georgia, contends that the court is without jurisdiction of this dispute because the plaintiffs lack standing. Defendant relies principally upon *Valley Forge Christian College.* Plaintiffs in their response urge that because some of the plaintiffs are municipal taxpayers, they have standing to complain of the defendant City expending tax revenue to promote the allegedly unconstitutional city seal. Alternatively, plaintiffs rely upon *American Civil Liberties Union of Georgia v. Rabun County Chamber of Commerce, Inc.,* 698 F.2d 1098 (11th Cir.1983), and suggest that that decision is controlling. They argue that "the spiritual, value-laden beliefs of the plaintiffs" are sufficient to give them standing in the context of an Establishment Clause claim. *Id.* at 1102.

### The Dispute

The dispute that plaintiffs contend they have standing to litigate in this court is over the use of the word Christianity in the seal of the City of Milledgeville, Georgia. Since at least 1912 the City of Milledgeville has used a seal to emboss and thereby authenticate documents. In recent years the seal has been printed on city stationery, painted on the doors of some city vehicles (mainly garbage trucks), and painted on the city water tank. However, the word Christianity is not recognizable on the seal printed on the City's stationery. The seal was painted on the city water tank after this lawsuit commenced. As embossed on documents the seal is fairly described as follows:

The embossing seal is circular, measuring 1¾-inches from edge to edge. The seal is surrounded by a braided border. The top three-quarters of the seal carries the words "City of Milledgeville" in block capital letters followed by a period. The bottom ¼ of the seal caries [sic] the date 1836 (1856?) also followed by a period with two small five-pointed stars separating the date from the inscription. The device used in the center of the seal is a winged figure of a woman sitting on an eagle in flight. The figure is wearing a covering on the upper part of the body and a short, pleated skirt extending halfway down the thigh. The figure is holding a staff surmounted by a liberty cap as appeared on the U.S. half cents of 1794–1797 and large cents of 1794–1796 where it is sometimes shown as being supported by a pole (Handbook of United States Coins, by R.S. Yoeman, 22on edition, Whitman Publishing Company, pp. 11, 19, 24). Extending from the staff shown on the seal is a banner on which are inscribed the words "liberty" on the top with the word "Christianity" beneath with both words in block capital letters.

Deposition of William Hovey Smith at Exhibit D–1. A photograph of the seal as it appears on city vehicles is attached to this order as Addendum 1.

Plaintiffs contend that the use of the word Christianity on the city seal violates the Establishment Clause of the Constitution of the United States and that the court should enjoin the defendant City from such further use.

### The Plaintiffs [1]

Plaintiffs Kenneth Saladin and Clara Saladin—husband and wife—reside in Baldwin County, Georgia, outside the city limits of Milledgeville. They moved to Baldwin County in 1977; he is an associate professor of biological environmental sciences at Georgia College and she is a registered nurse at Baldwin County Hospital. Profes-

---

1. The complaint in this case named five plaintiffs: Kenneth Saladin, C. Diane Saladin, William H. Lamb, Jr., Barbara Lynch, and Clyde Tipton. The complaint was amended on June 2, 1983, to dismiss Lamb and Tipton as party plaintiffs. The complaint was amended a second time to dismiss Lynch and to add Thelma Guaetta and Frampton K.C. Smith as party plaintiffs. There are now four named plaintiffs in this case: the Saladins, Guaetta, and Smith.

sor Saladin says he first saw the seal on a mural painted on the outside of a privately owned warehouse building. However, he and his wife first observed it being used by the defendant City on the door of a garbage truck, at least some four years before they commenced this lawsuit. Professor Saladin explained that he did not raise his complaints earlier because he had not yet attained tenure at Georgia College. Their grievance is based upon their being offended by observing the city seal.

Plaintiff Thelma Guaetta, who was added as a party plaintiff, resides in the City of Milledgeville and pays city taxes. Prior to hearing of this lawsuit, she had not really looked at the city seal. She claims that since she has now seen it, she believes its use violates the Constitution. She objects to her tax money being spent to paint the seal on the city water tower.

Plaintiff Frampton K.C. Smith moved to the City of Milledgeville about seven years ago. After hearing of this lawsuit and seeing the seal on a garbage truck, he telephoned Professor Saladin and asked to be added as a plaintiff. He says he believes in the separation of church and state and objects to Christianity being promoted by the city seal.

### Standing

The issue before the court is whether the plaintiffs have shown (1) that they have been personally injured as a result of the putatively illegal conduct, (2) that their injury fairly can be traced to the challenged action, and (3) that their injury is likely to be redressed by a favorable decision of this court. *Valley Forge Christian College,* 454 U.S. at 472, 102 S.Ct. at 758. If the defendant limited its use of the city seal to embossing documents, this court would be of the considered opinion that such use could not possibly injure any plaintiff sufficiently to give the required standing. To complain of such limited use would be, speaking colloquially, "a whole lot to do about nothing."

Unfortunately, the defendant has not limited its use of the city seal to embossing documents: The City paints the seal on the doors of city vehicles, and since this lawsuit began has painted the seal on the city water tank. Although it is legally necessary to emboss documents signed for the City of Milledgeville to evidence the authority of those signing in behalf of the City, it is not legally necessary to paint the seal on the doors of city motor vehicles. The city seal in no way contributes to the operation of the city vehicles or the water tank. Because the seal was painted on the water tank *after* this lawsuit was filed, the court can only conclude that the defendant was unnecessarily flaunting the seal.

Some of the plaintiffs are city residents and taxpayers. Their status is comparable to that of the plaintiffs in *Lynch v. Donnelly,* 465 U.S. 668, 104 S.Ct. 1355, 79 L.Ed.2d 604 (1984), who complained of a city's inclusion of a creche, or nativity scene, in its annual Christmas display. By deciding that case subsequent to *Valley Forge Christian College* and without questioning or even discussing standing, the Supreme Court of the United States implicitly found standing. The Eleventh Circuit's decision in *American Civil Liberties Union of Georgia v. Rabun County Chamber of Commerce, Inc.,* 698 F.2d 1098 (11th Cir.1983), also supports plaintiffs' contention that they have standing. The plaintiffs in that case, two of whom were campers, were found to have standing to challenge the erection of an illuminated 26 feet by 35 feet latin cross on a structure in Black Rock Mountain State Park. The Eleventh Circuit held:

[T]he Supreme Court has made it clear that no minimum quantitative limit is required to establish injury under either a constitutional or prudential analysis:

"Injury in fact" ... serves to distinguish a person with a direct stake in the outcome of a litigation—even though small—from a person with a mere interest in the problem. We have allowed important interests to be vindicated by plaintiffs with no more at stake ... than a fraction of a vote, see *Baker v. Carr,* 389 U.S. 186 [82

S.Ct. 691, 7 L.Ed.2d 663], a $5 fine and costs, see *McGowan v. Maryland*, 366 U.S. 420 [81 S.Ct. 1101, 6 L.Ed.2d 393], and a $1.50 poll tax, *Harper v. Virginia Bd. of Education*, 383 U.S. 663 [86 S.Ct. 1079, 16 L.Ed.2d 169].

*United States v. SCRAP*, 412 U.S. 669, 689 n. 14, 93 S.Ct. 2405, 2416 n. 14, 37 L.Ed.2d 254 (1973). Thus, we find that plaintiffs Guerrero and Karnan have sufficiently demonstrated particular and personalized noneconomic injury to distinguish them from the general citizenry who may be as equally offended on a philosophical basis but who are not as specifically or perceptibly harmed, consistent with both the prior precedent defining noneconomic injuries in general and the decision in *Valley Forge*, to provide them with a "personal stake in the controversy." *Baker v. Carr*, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962).

*Id.* at 1108.

The injury suffered by the plaintiffs is caused by the display of the seal on the City's vehicles and the City's water tower.

The individual plaintiffs who reside in and pay taxes to the City of Milledgeville unquestionably have a direct stake in the outcome of this litigation that gives them standing to challenge the defendant's use of its city seal. It is unnecessary to decide whether or not every plaintiff has standing.

Accordingly, the defendant's motion to dismiss is hereby DENIED.

As explained above, if the City limited its use of the seal to embossing documents and printing it on city stationery, the plaintiffs would not have the requisite standing to challenge its constitutionality. Therefore, the defendant City of Milledgeville is hereby granted two weeks to advise the court as to whether it wishes to keep the present seal and confine its use to embossing documents and printing it on the city stationery, or whether it wishes to continue to display the seal on the city vehicles and water tank and risk having the seal found unconstitutional.